CRICHTON, J.,
concurs in the result and assigns reasons.
1,1 concur in the result and write separately to express my disappointment and bewilderment at the attorneys involved in this major felony case, one which, upon conviction, carries an automatic and mandatory life sentence. For reasons known only to the prosecutor, there was no effort to call the technician who administered the IQ ■ examination, And, notwithstanding whether it would have satisfied the confrontation issue, the prosecutor also declined to call the other technician who rechecked the test scores. Instead, she sought to establish the critical element of mental infirmity — an intelligence quotient of 70 or lower — -from another witness who had no direct knowledge whatsoever of the testing procedure and methodology in this case. Equally disappointing and astounding is the fact that defense counsel, for reasons known only to him, delayed lodging what should have been a contemporaneous objection, though finally (and fatal to the prosecution’s case) doing so prior to the close of the inadmissible testimony. Because of the clearly testimonial and substantive nature of this critical evidence, the defendant, facing this mandatory life imprisonment sentence upon conviction, had zero opportunity to exercise his fundamental constitutional right to confront and cross examine the evidence establishing his guilt. Had defense counsel not finally 12lodged an objection, this case might have passed appellate muster; however, in my view, the error is of sufficient magnitude such that it would arguably have led to a finding of ineffective assistance of counsel upon collateral review. The bottom line is that, especially in a case which results in a mandatory sentence for the defendant and one involving a developmental^ disabled and vulnerable victim (who must testify again), the efficient administration of criminal justice and the integrity of our system demands more.